21 F.3d 427
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Arturo BARAJAS; W. Dean Stewart; Carl Foster; Tim
Trevino, Plaintiffs-Appellants,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Defendant,
Duane L. Waters, Chairman; Robert Brown, Jr., Director;
Gene Borgert, Warden, Defendants-Appellees.
 No. 93-1512.
 United States Court of Appeals, Sixth Circuit.
 March 17, 1994.
 
 Before: KENNEDY and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from a summary judgment for the defendants in this prisoner civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, four Michigan inmates filed a civil rights lawsuit in which they complained of denial of access to the courts and of many unconstitutional conditions of confinement at the Cotton Regional Correctional Facility, Jackson, Michigan. The plaintiffs sought monetary and injunctive relief and named as defendants the Michigan Department of Corrections, Duane Waters (a member of the Corrections Commission), Robert Brown, Jr., (Director of the Michigan Department of Corrections), and Gene Borgert (Warden of the Cotton Facility).
 
 
 3
 The Michigan Department of Corrections was dismissed from the suit shortly after its inception and, in 1992, the remaining defendants moved for dismissal or for summary judgment. The matter was referred to a magistrate judge who recommended that the motion for summary judgment be granted as to all defendants. The district court adopted the recommendation over the plaintiffs' objections and this appeal followed. The parties have briefed the issues; the plaintiffs are proceeding without benefit of counsel.
 
 
 4
 The district court concluded that the complaint could be broken down into two basic claims, namely, unconstitutional conditions of confinement and denial of access to the courts. The court entered summary judgment for the defendants on the merits, found that they were also entitled to qualified immunity from suit, and noted that all pre-1988 claims against defendant Borgert should be dismissed. Examination of the record and law supports the district court's decision.
 
 
 5
 The basic contention from which all aspects of this litigation stems is that the conditions at the Cotton Facility (encompassing a temporary holding area and the permanent cell blocks) are so substandard as to run afoul of the Eighth Amendment. The specific allegations are legion, some date back to 1986 and they touch on virtually every aspect of prison life. These allegations include inter alia complaints of double bunking, poor ventilation, inadequate heating and cooling, unsanitary living conditions, indifference to medical needs, arbitrary transfers and generally shoddy food service. These allegations are set forth in great detail in the unverified amended complaint and in the verified response to defendants' motion to dismiss/motion for summary judgment.
 
 
 6
 The district court concluded that the defendants were entitled to summary judgment despite the voluminous allegations made by the plaintiffs. The court specifically found that the plaintiffs failed to articulate any one constitutionally deficient condition of confinement and that the affidavit of defendant Borgert negated any inference that the defendants acted with a culpable state of mind.
 
 
 7
 In general, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). In reviewing a motion for summary judgment, this court views the evidence in a light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 8
 It is clear that an inmate may challenge the conditions of his confinement as violative of the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 101-08 (1976). One challenging his conditions of confinement on this basis must satisfy a two-part inquiry. Wilson v. Seiter, 111 S.Ct. 2321, 2323-26 (1991). The first part is objective, that is, the inmate must demonstrate that he has been subjected to specific deprivations so serious as to deny him the minimal civilized measure of life's necessities. Id. at 2324. Complaints of routine, as opposed to extreme, discomforts will not state a claim under this test as routine discomfort is accepted as part of the penalty that a criminal must pay. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Neither will a prisoner be heard in this context if his complaint is based on a number of totality of conditions of confinement unless those conditions, in combination, have a "mutually enforcing effect" that in fact produces the aforementioned deprivation of an identifiable human need. Wilson, 111 S.Ct. at 2327. The second part of the test is subjective. The inmate must show that the prison officials had a culpable state of mind. Liability cannot be predicated on negligence alone; the inmate must demonstrate that prison officials acted with wantonness or deliberate indifference to his constitutionally protected needs. Wilson, 111 S.Ct. at 2326.
 
 
 9
 In the case at bar, the record reflects that this is a complaint based on the totality of conditions of confinement at the Cotton Facility and therefore deficient under Wilson. The voluminous pleadings and exhibits contain criticisms of virtually every aspect of life at the prison. The plaintiffs acknowledge as much in their objections to the magistrate's report and recommendation. It is next to impossible to isolate any single condition of confinement to subject it to the test set forth in Wilson and Rhodes and it does not affirmatively appear that a combination of conditions produced the deprivation of any single identifiable human need. In addition, there is no evidence that any of the named defendants acted with wantonness or deliberate indifference to the plaintiffs' needs. The district court properly disposed of the conditions of confinement claim.
 
 
 10
 The plaintiffs also contend that they were denied their First Amendment right of access to the courts. This claim almost exclusively centers around plaintiff Stewart and his accounts of various times in 1986, 1988, 1989 and 1991 when he would have taken some legal action except for the inadequate law library at the Cotton Facility. Stewart does not appear to have suffered any particular adverse consequences stemming from any particular deprivation.
 
 
 11
 Inmates enjoy a constitutional right of access to the courts that encompasses either an adequate law library or assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). One asserting the deprivation of this right must also demonstrate that his ability to litigate was thereby prejudiced. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 12
 In the present case, the district court concluded that the plaintiffs' allegations in general, and Stewart's litany of alleged First Amendment deprivations in particular, did not establish the required prejudice to their ability to pursue or continue litigation. An examination of the record confirms this, as it does not affirmatively appear that any of the plaintiffs suffered any loss of ability to litigate their claims.
 
 
 13
 The district court found that the defendants enjoyed qualified immunity from civil suit in this action. The court based this decision primarily on a finding that the defendants did not violate a clearly established constitutional right of the plaintiffs in countenancing double bunking at the Cotton Facility.
 
 
 14
 Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This analysis turns on the objective legal reasonableness of the action assessed in light of the legal rules that were clearly established at the time the action was taken. Id. at 818-19; Long v. Norris, 929 F.2d 1111, 1114-15 (6th Cir.), cert. denied, 112 S.Ct. 187 (1991). For a right to have been clearly established something more than a general constitutional right such as due process must have been recognized, that is, the right must have been established in a "more particularized" sense. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Thus, the contours of the right must have been sufficiently clear that a reasonable official would understand that what he is doing violates that right. Danese v. Asman, 875 F.2d 1239, 1242 (6th Cir.1989), cert. denied, 494 U.S. 1027 (1990). This court reviews a grant of qualified immunity de novo. Hall v. Shipley, 932 F.2d 1147, 1150 (6th Cir.1991).
 
 
 15
 The district court did not err insofar as its decision was based on the issue of double bunking. It is clear that double bunking of inmates is not per se unconstitutional. See, e.g., Rhodes v. Chapman, 452 U.S. at 348-50. In addition, as noted above, the entirety of the conditions of confinement is the focus of the instant suit. This bundle of allegations cannot be said with any reasonable legal certainty to constitute a clearly established right or rights that any of the named defendants could have known they were violating.
 
 
 16
 Finally, the district court found that, as Warden Borgert was not appointed to his position until September 1988, any claims against him for alleged violations occurring prior to September 1988 should be dismissed. Plaintiffs do not address this conclusion in their appellate brief and it was otherwise uncontested. The appeal lacks merit.
 
 
 17
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.